IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

HENRY BONDS,                            )
                                        )
    Plaintiff,                          )
                                        )   Civil Action
vs.                                     )
                                        )   No. 07-0417-CV-W-JCE-SSA
                                        )
Michael J. Astrue,                      )
Commissioner of Social Security,        )
                                        )
    Defendant.                          )

**O R D E R**

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary. Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197,

1

229 (1938)).  Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.  The ALJ must give full consideration to all of the

relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was born on October 14, 1964, and has a high school education. He has also completed vocational school. His most recent employment was that of a personal care attendant for the developmentally disabled and as a janitor. His other past relevant work includes home attendant, cleaner, waiter, and telephone solicitor.

Plaintiff's testimony at the hearing before the ALJ is summarized on page 9 of his opinion. [Tr. 23]. The ALJ further found that:

> 1. The Claimant met the special earnings requirements under Title II of the Social Security Act, as amended, on June 1, 2002, the date he stated he became unable to work, and continues to meet them through at least June 30, 2007.
>
> 2. Subsequent to his alleged onset date of disability, the Claimant did not perform substantial and gainful work activity as described in the Regulations.
>
> 3. The record establishes that the Claimant has the following medically determinable impairments which have imposed more than slight limitations upon his ability to function; polycythemia, post-traumatic stress disorder, panic disorder with agoraphobia, major depressive disorder, bipolar and personality disorder.
>
> 4. His medically determinable impairments, either singly or collectively, have not revealed the same or equivalent attendant medical findings as are recited in Appendix l to Subpart P of the Social Security Administration's Regulations No. 4; however, they have imposed some limitations upon his ability to perform basic work-related functions, as noted earlier in this decision.
>
> 5. In view of such limitations, the Claimant is unable to perform his past relevant work.
>
> 6. Notwithstanding the limitations resulting from his medically determinable impairments, the Claimant possesses the residual functional capacity for other work that exists in his geographic region in significant numbers.

3

7. The testimony of the claimant with respect to the extent of his symptoms and limitations was not credible, in view of the criteria set forth under 20 CFR 404.1529 and 20 CFR 416.929, Social Security Ruling 96-7 p, and Polaski v. Heckler, supra.

8. Accordingly, the Claimant is not disabled, as that term is defined under the Social Security Act, as amended, pursuant to 20 CFR 404.1520(e) and 20 CFR 416.920(e).

9. The Claimant is not entitled to a period of disability or to the payment of disability insurance benefits under Title II of the Social Security Act, as amended.

10. The Claimant is not eligible for the payment of supplemental security income benefits under Title XVI of the Social Security Act, as amended.

Plaintiff asserts that the ALJ erred because there was not substantial evidence in the record as a whole to support the ALJ's finding; that the ALJ erred in finding that his testimony was not credible; that he erred in dismissing the opinions of a treating psychiatrist and other treating physicians, and that he erred in failing to pose a proper hypothetical to the ALJ that included all of plaintiff's impairments.

Having fully reviewed the record, the Court finds that there is not substantial evidence in the record as a whole to support the decision of the ALJ. The Court agrees with plaintiff that there is objective medical evidence to support his complaints regarding his mental impairments. The ALJ discounted the opinions of plaintiff's treating psychiatrist, asserting that plaintiff had failed to mention many of his mental health issues to other physicians, and that the checklist that Dr. Nagorski prepared was inconsistent with the record as a whole. In justifying that conclusion, the ALJ relied primarily on the opinion of a one-time evaluation performed by a consulting psychologist.

The record is clear that plaintiff has received treatment from Dr. Gerald Paul Nagorski since May of 2003. The treatment records are consistent throughout the period of time that he was seen. The opinions expressed by Dr. Nagorski are also consistent with the RFC assessment

that he prepared in January of 2005. In that assessment, he concludes that plaintiff was both medically and psychologically unable to perform any full-time employment. After assessing the plaintiff over one and one-half years, Dr. Nagorski concludes his condition remains unstable and regressive . This limits plaintiff from performing in an employment atmosphere that requires daily attendance, concentration, attention span, decision-making, memory recall and from interacting with co-workers. [Tr. 336]. In an attempt to find an inconsistency in the record, defendant argues that plaintiff's treating psychiatrist stated that he suffered from marked or extreme limitations in his RFC. Dr. Nagorski has , however, described plaintiff as "moderately anxious" in his treatment records. When viewed as a whole, however, the doctor's findings are internally consistent with his own records.

The attempt to rely on the consultation of Dr. Israel as a basis to discount the treating psychiatrist is misplaced. Dr. Nagorski has treated plaintiff for approximately three years. He has a specialty in psychiatry. He is therefore in a better position to properly evaluate the extent of plaintiff's impairments.

The hypothetical question posed by the ALJ did not include the impairments detailed by Dr. Nagorski. Because the Court has found that it was not proper to discount his opinions, the hypothetical question is flawed.

The plaintiff argues that he has other disabling conditions. The ALJ did not err in evaluating the evidence as it relates to those conditions.

For the foregoing reasons, the Court is convinced that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met his burden of establishing that he suffers from a combination of mental impairments that render him disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted. It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

    /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: June 10, 2008